1

2

3

4

5

6

7        UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
8                 AT TACOMA

9    SAMUEL WILLIAM DONAGHE,

10              Petitioner,                    Case No.  C06-5507RJB/KLS

11        v.                                   REPORT AND
                                               RECOMMENDATION
12   DR. HENRY RICHARDS,

13              Respondent.                    **NOTED FOR:**
                                               **October 27, 2006**
14

15        This habeas corpus action has been referred to United States Magistrate Judge Karen L.

16   Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1) and Local MJR 3 and MJR 4.  Petitioner filed

17   this action under 28 U.S.C. § 2254 to challenge his 2003 Thurston County conviction.  (Dkt. # 1).

18   Petitioner states that he is filing this petition simultaneously with a brief in the Ninth Circuit

19   requesting permission to file a second or successive petition.  (Dkt. # 3-4).

20        The Court's records reflect this case to be duplicate of issues raised previously by Petitioner

21   in Donaghe v. Weston, 95-5451RJB, and Donaghe v. Seling, 98-5245RJB, where Petitioner

22   challenged his civil commitment pursuant to RCW § 71.09.   Accordingly this petition is successive.

23        This file should be administratively closed and the case transferred to the Ninth Circuit in

24   accordance with Circuit Rule 22-3(a).

25                            DISCUSSION

26        Ninth Circuit Rule 22-3 (a) states:

27        (a)    **Application**.  Any petitioner seeking leave to file a second or successive 2254
                 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§
28

REPORT AND RECOMMENDATION
Page - 1

2244 or 2255.  An original and five copies of the application Must be filed with the Clerk of the Court of Appeals.  No filing fee is required.  If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly submitted to the district court, **the district court shall refer it to the court of appeals.**

(Emphasis added).

The petitioner is filing a successive petition challenging the same issues and is simultaneously seeking permission of the Ninth Circuit to file a successive petition.  Petitioner's previous challenges were dismissed.  *See*, Donaghe v. Weston, 95-5451RJB (dismissed for failure to exhaust), and Donaghe v. Seling, 98-5245RJB (dismissed on the merits, affirmed in No. 98-36272 (9th Cir. 1999)).  Clearly, the instant petition should be treated as a "second or successive" petition and should be transferred.

## CONCLUSION

Accordingly, the Court should transfer this habeas corpus petition as a second or successive petition and administratively close the file.  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 27, 2006**, as noted in the caption.

DATED this 26th day of September, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2